1  Vahag Matevosian, Esq. (State Bar No. 283710)
   Email: consumerlitigationteam@kaass.com
2
3  **KAASS LAW**
   313 East Broadway, #944
4  Glendale, California 91209
   Telephone. 310.943.1171
5
6  Attorneys for Plaintiff
7
8             UNITED STATES DISTRICT COURT
              CENTRAL DISTRICT OF CALIFORNIA
9
10 ARMAN ATANESYAN, an individual;   )   Case No.: CV12-08786 DSF(FMOx)
       Plaintiff,                    )
11                                   )   **COMPLAINT FOR:**
       vs.                           )
12 NISSAN-INFINITI LT, a California  )   1. **Willful Violations of Federal Fair**
   Corporation                       )      **Credit Reporting Act, 15 U.S.C. §**
13     Defendant.                    )      **1681s-2(b);**
                                     )   2. **Negligent Violations of Federal Fair**
14                                   )      **Credit Reporting Act, 15 U.S.C. §**
                                     )      **1681s-2(b);**
15                                   )
                                     )   3. **Intentional Violations of California**
16                                   )      **Consumer Credit Reporting**
                                     )      **Agencies Act, Cal. Civ. Code §**
17                                   )      **1785.25(a);**
                                     )
18                                   )   4. **Negligent Violations of California**
                                     )      **Consumer Credit Reporting**
19                                   )      **Agencies Act, Cal. Civ. Code §**
                                     )      **1785.25(a);**
20                                   )
                                     )   5. **Defamation by Libel**
21                                   )
                                     )   **JURY TRIAL DEMANDED**
22                                   )
                                     )
23                                   )
                                     )
24                                   )
                                     )
25 _____
   ///
26
   ///
27
   ///
28

---
**COMPLAINT**

Plaintiff, through counsel, alleges:

## NATURE OF ACTION

This is a private action brought by an individual consumer under Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b); Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692(e), 1692(f) and 1692(g); and their equivalent State Acts: California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.25(a); and Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788.17.

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 15 U.S.C. § 1681p, Cal. Civ. Code § 1785.33, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction over the State claims under 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts or events giving rise to Plaintiff's action occurred in the State of California in the Central District of California, where Plaintiff resides in the said State and district, and where Defendant transacts business in said State and district.

## PARTIES

4. Plaintiff, Arman Atanesyan ("Plaintiff"), is an individual who at all relevant times resided in the State of California, County of Los Angeles.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant NISSAN-INFINITI LT ("NISSAN") is a "person" as defined by 15 U.S.C. § 1681a(b) and Cal. Civ. Code § 1785.3(j).

7. Defendant is a "furnisher of information" as referenced under 15 U.S.C. § 1681s-2 who, as part of their regular course of business, furnish information concerning consumers to the Credit Reporting Agencies.

8. When a reference in this Complaint is made to any act or omission of Defendant's corporation, company, association, business entity, or partnership, such allegation shall be deemed to mean that the Defendant and their owners, officers, directors, agents, employees, or

representatives did or authorized such act or omission while engaged in the management, direction, or control of the affairs of Defendant and while acting within the scope and course of their duties.

## FACTUAL ALLEGATIONS

9. On or about October, 2011, Plaintiff obtained his credit reports maintained by the three major credit reporting agencies: Experian, Equifax, and TransUnion (collectively "CRAs"). Upon review of the information contained in his credit reports, Plaintiff discovered account in derogatory status (charged off reporting) reported by Defendant NISSAN (Partial Account No. 2900942*****) (refer to as "Account").

10. After careful review of the above referenced account, Plaintiff determined that the Account was not his.

11. Consequently, on or about October 2011, pursuant to 15 U.S.C. § 1681i(a)(1), Plaintiff submitted written disputes to the CRAs stating that the above referenced account as not his.

12. Based on information and belief, the CRAs contacted the Defendant NISSAN about Plaintiff's dispute of the account furnished by Defendant NISSAN.

13. Following the submission of his credit bureau disputes, Plaintiff mailed dispute letter to Defendant NISSAN on or about November 3, 2011.

14. Plaintiff mailed dispute letter to Defendant NISSAN requesting to provide documentation substantiating accuracy of the account as reported to the CRAs. Alternatively, Plaintiff requested deletion of the inaccurate account reported by Defendant NISSAN in the absence of the verification documents.

15. Several days following Plaintiff's credit bureau dispute, updated credit reports showed that Defendant NISSAN had allegedly verified the account to the CRAs. When Plaintiff requested proof of the alleged verification, Defendant NISSAN failed to provide any such supporting documentation.

16. On or about December 9, 2011 Plaintiff sent letters to Defendant NISSAN, through his authorized agent, to follow up on his previous requests for production of documents to support

their alleged verifications. Defendant NISSAN failed to respond properly or at all to Plaintiff's follow-up requests and again failed to produce any proof of Defendant NISSAN's alleged verification of the inaccurate account.

17. On or about December 30, 2011, Plaintiff sent letters to Defendant NISSAN, through his authorized agent, with a final request to produce verification documents or proceed with deletion of the disputed inaccurate account. Defendant NISSAN once again failed to address Plaintiff's request.

18. Plaintiff submitted three (3) separate letters to each Defendant requesting proof of investigation and verification in support of Defendant NISSAN alleged verification with the CRAs. Defendant NISSAN, however, repeatedly and continuously disregarded these requests and failed to produce such proof. Thus, it is reasonable to presume that Defendant do not have confirmative support for their alleged investigation and verification with the CRAs.

19. As of this date, Defendant tenaciously continue to report the unverified account on Plaintiff's credit reports maintained by the CRAs.

20. As a result of Defendant NISSAN's reporting of the unverified, hence, inaccurate account, Plaintiff's creditworthiness is negatively impacted. Defendant NISSAN's conduct in turn caused the Plaintiff, as a consumer and borrower, to suffer financial and emotional distress, including but not limited to the following:

    a. Actual damages caused by monetary losses relating to denials to obtain new credit, loss of existing funds, loss of credit and loan opportunities, excessive or elevated interest rates and finance charges;

    b. Out of pocket expenses incurred as a result of communications with Defendant, in addition to fees paid to attorneys and credit professionals for the assistance attained in the process;

    c. Emotional distress and mental anguish associated with derogatory credit information reported by Defendant about Plaintiff to parties with access to Plaintiff's credit reports;

4

**COMPLAINT**

    d.    Decreased credit rating and creditworthiness which resulted in denial to obtain new credit, employment or housing on future attempts.

### FIRST COUNT - Against Defendant
### (Willful Violations of FCRA, 15 U.S.C. § 1681s-2(b))

21. Plaintiff repeats and repleads each and every allegation contained in all prior paragraphs and incorporates the same herein by reference.

22. Defendant knowingly, intentionally, and willfully disregarded their obligations imposed by FCRA, 15 U.S.C. § 1681s-2(b) upon furnishers of information with respect to the "reinvestigation duties" in the event of consumer disputes initiated through CRAs.

23. Defendant violated 15 U.S.C. § 1681s-2(b)(1) because they failed to conduct proper investigation of disputed information.

24. Defendant violated 15 U.S.C. § 1681s-2 (b)(2) because they failed to take proper action of verification, correction, or deletion of the information Plaintiff disputed within the statutorily mandated investigation period of thirty (30) days.

25. Defendant's violations actually and proximately caused Plaintiff's injuries.

26. Plaintiff prays for declaratory relief pursuant to 28 U.S.C. § 2201 and § 2202, that Defendant' are in violation of the FCRA.

27. Plaintiff further prays for actual and statutory damages pursuant to 15 U.S.C. § 1681n (a)(1)(A); costs and attorney's fees pursuant to 15 U.S.C. § 1681n (c); and punitive damages for Defendant's willful noncompliance pursuant to 15 U.S.C. § 1681n (a)(2).

### SECOND COUNT - Against Defendant
### (Negligent Violations of FCRA, 15 U.S.C. § 1681s-2(b))

28. Plaintiff repeats and repleads each and every allegation contained in all prior paragraphs and incorporates the same herein by reference.

29. Defendant's negligently violated 15 U.S.C. § 1681s-2(b) because they breached their duty to report accurate credit information which actually and proximately caused Plaintiff's injuries.

30. Defendant's violations actually and proximately caused Plaintiff's injuries.

31. Plaintiff prays for declaratory relief pursuant to 28 U.S.C. § 2201 and § 2202, that Defendant violated the FCRA.

32. Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1681o(a)(1), and costs and attorney's fees pursuant to 15 U.S.C. § 1681o(a)(2).

**THIRD COUNT - Against All Defendant**

**(Intentional Violation of CCRAA, Cal. Civ. Code § 1785.25(a))**

33. Plaintiff repeats and repleads each and every allegation contained in all prior paragraphs and incorporates the same herein by reference.

34. Defendant knowingly, willfully, and intentionally disregarded their obligation to accurately report credit information pursuant to Cal. Civ. Code § 1785.25(a)— to refrain from reporting information that Defendant knew to be inaccurate or the accuracy of which was not known nor verified at the time of furnishing.

35. Defendant's violations actually and proximately caused Plaintiff's injuries.

36. As a result of the Defendant's violations of the CCRAA, Plaintiff suffered personal humiliation, embarrassment, mental anguish, and emotional distress. Plaintiff is entitled to actual damages pursuant to Cal. Civ. Code § 1785.31(a)(2)(A); punitive damages for Defendant's willful noncompliance pursuant to Cal. Civ. Code § 1785.31(a)(2)(B); and injunctive relief ordering deletion of the subject unverified accounts from reporting with the CRAs pursuant to Cal.Civ. Code § 1785.31(b).

**FOURTH COUNT - Against All Defendant**

**(Negligent Violation of CCRAA, Cal. Civ. Code § 1785.25(a))**

37. Plaintiff repeats and repleads each and every allegation contained in all prior paragraphs and incorporates the same herein by reference.

38. Defendant negligently breached their duty to report accurate credit information by disregarding their obligations under Cal. Civ. Code § 1785.25(a)— to refrain from reporting information that Defendant should have known to be inaccurate or the accuracy of which was not known nor verified at time of furnishing.

39. Defendant's violations actually and proximately caused Plaintiff's injuries.

40. As a result of the Defendant's violations, Plaintiff suffered personal humiliation, embarrassment, mental anguish, and emotional distress. Plaintiff is entitled to actual damages, including court costs and attorney's fees; pain and suffering, pursuant to Cal. Civ. Code § 1785.31(a)(1); and injunctive relief ordering deletion of the unverified accounts from reporting with the CRAs pursuant to Cal. Civ. Code § 1785.31(b).

### FIFTH - Against Defendant
### (DEFAMATION BY LIBEL)

41. Plaintiff repeats and repleads each and every allegation contained in all prior paragraphs and incorporates the same herein by reference.

42. Defendant repeatedly published or has caused to be published written material information they knew or should have known to be false. Specifically, Defendant is directly responsible for the reporting of unverified and inaccurate credit information about Plaintiff to the CRAs. Defendant inaccurately published information was accessible to parties with access to Plaintiff's credit reports.

43. The information disseminated via publication was made of and concerning the Plaintiff and was so understood by those who viewed the publication.

44. Defendant's violations actually and proximately caused Plaintiff's injuries.

45. The information is libelous in that it causes enormous harm to Plaintiff's creditworthiness and defamed Plaintiff in the eyes of his current and potential creditors.

46. The publication of Defendant's unverified account on Plaintiff's credit reports and repeated failure to correct such publication was done with malice to injure Plaintiff for the direct benefit of Defendant. Accordingly, Plaintiff seeks an award of punitive damages.

### PRAYER FOR RELIEF FOR ALL COUNTS

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. Actual damages;
2. Statutory damages;
3. Civil penalties;
4. Legal fees and costs;

5. Prejudgment and postjudgment interest;
6. Punitive damages;
7. Declaratory relief;
8. Injunctive relief;
9. For additional remedies as the court deems proper.

**Plaintiff requests trial by jury.**

DATED: October 10, 2012                    **KAASS LAW**

By: _____
Vahag Matevosian, Attorney for Plaintiff

Name & Address:
Vahag Matevosian, Esq. (State Bar No. 283710)
Email: consumerlitigationteam@kaass.com
313 East Broadway, #944
Glendale, California 91209
Tel. 310-943-1171

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| ARMAN ATANESYAN, an individual | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | CV12-08786 DSF (FMOx) |
| NISSAN-INFINITI LT, a Californai Corporation | |
| DEFENDANT(S). | SUMMONS |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Vahag Matevosian_____, whose address is 313 East Broadway, #944, Glendale, California 91209_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: OCT 1 2 2012

Clerk, U.S. District Court

By: JULIE PRADO
     Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)  SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
ARMAN ATANESYAN

**DEFENDANTS**
NISSAN-INFINITI LT

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Vahag Matevosian, Esq. (State Bar No. 283710)
Email: consumerlitigationteam@kaass.com
313 East Broadway, #944

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No    ☑ **MONEY DEMANDED IN COMPLAINT:** $ NOT YET ASSERTED

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violations of 15 U.S.C. Sec. 1681; Cal. Code 1785.25; Defamation by Libel

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☑ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | | | ☐ 441 Voting | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 190 Other Contract | | ☐ 443 Housing/Acco-mmodations | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV12-08786

**FOR OFFICE USE ONLY:** Case Number: _____
**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
  ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | VARIOUS |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | VARIOUS |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | VARIIOUS |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____ Date October 05, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

**CV12- 8786 DSF (FMOx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY